UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOVORNE EDWARDS,<br><br>      Plaintiff,<br><br>      v.<br><br>CITY OF NEW YORK AND NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,<br><br>      Defendants, | Case No.:  1:18-CV-8282 (JGK) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF NEW YORK AND NEW YORK CITY HEALTH AND HOSPITALS CORPORATION MOTION PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**TABLE OF CONTENTS**

Table of Authorities ……………………………………………………………………….. iii

**PRELIMINARY STATEMENT** ………………………………………………………………... 1

**STATEMENT OF FACTS** ………………………………………………………………… 2

**ARGUMENT** ………………………………………………………………………………. 2

    I.     THE GENERAL RELEASE WAS LIMITED IN SCOPE …………………….…… 2
    II.    THE PLAINTIFF DID NOT RELEASE NEW YORK CITY HEALTH AND
           HOSPITALS CORPORATION FROM LIABILITY………..…………………… 8

**CONCLUSION** ……………………………………………………………………….......… 9

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page No.**

*Adirondack Transit Lines*, *Inc. v. United Transp.*
*Union Local 1582*, 305 F.3d 82, 85 (2d Cir. 2002) ................................................................... 3

*Albany Sav. Bank FSB v. Halpin*
117 F.3d 669, 672 (2d Cir. 1997) .................................................................................................. 2

*Arzu v. City of New York*
No. 13 Civ. 5980 (RA), 2015 U.S. Dist. LEXIS 101770, 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015) ............................................................................................................................................... 3

*Bender v. New York City Health & Hosps. Corp.*
38 N.Y.2d 662, 345 N.E.2d 561, 382 N.Y.S.2d 18 (1976) ............................................................ 8

*Clinton Street Food Corp.*
254 B.R. 523 (Bankr. S.D.N.Y. 2000) ............................................................................................ 7

*Collins v. Harrison-Bode*
303 F.3d 429, 433 (2d Cir. 2002) .................................................................................................. 2

*Consol. Edison v. Northeast Utilities*, 332 F. Supp. 2d at 647 ..................................................... 6,7

*Hartford Acc. & Indem. Co. v. Wesolowski*
33 N.Y.2d 169, 171-72, 350 N.Y.S.2d 895, 898, 305 N.E.2d 907, 910 (1973) ............................. 4

*Lucent Technologies*, *Inc. v. Gateway, Inc.*
470 F. Supp. 2d 1195 (S.D.Cal. 2007) .......................................................................................... 6,7

*Mangini v. McClurg*
24 N.Y.2d 556, 562, 301 N.Y.S.2d 508, 249 N.E.2d 386 (1969) .................................................. 5

*Metropolitan Life Ins. Co. v. RJR Nabisco, Inc.*
906 F.2d 884, 889 (2d Cir. 1990) .................................................................................................. 4

*Pampillonia v. RJR Nabisco, Inc.*
138 F.3d 459, 463 (2d Cir. 1998) .................................................................................................. 3

**Cases**                                                                                                                   **Page No.**

*Rubinstein v. Rubinstein*
109 N.Y.S.2d 725, 732 (Sup. Ct. N.Y. Co. 1951), *aff'd*, 279 A.D. 1073, 113 N.Y.S.2d 277, *aff'd*, 305
N.Y. 746, 113 N.E.2d 149 (1953) .................................................................................................................. 6


*Simon v. Simon*
274 App. Div. 447, 84 N.Y.S.2d 307 (1st Dept. 1948) ................................................................................. 5


*Wells v. Shearson Lehman/Am. Express, Inc.*
72 N.Y.2d 11, 18, 21, 526 N.E.2d 8, 530 N.Y.S.2d 517 (1988) .................................................................. 4


*Westmoreland Coal Co. v. Entech, Inc*.
100 N.Y.2d 352, 794 N.E.2d 667, 670, 763 N.Y.S.2d 525 (2003) .............................................................. 7


**Statutes and Rules**

Fed. R. Civ. P. 12(c) ...................................................................................................................................... 1

New York City Health and Hospitals Corporation Act, § 2 (L 1969, ch 1016, § 1) ..................................... 8

**PRELIMINARY STATEMENT**

The City of New York seeks dismissal of all claims asserted against it and the New York City Health and Hospitals Corporation pursuant to Fed. R. Civ. P. 12(c) alleging that a general release in settlement of a prior and separate claim entitles them to a complete dismissal of all claims despite the fact that the language contained in the general release: (i) only releases claims arising from the incident on the prior settlement matter as set forth more fully below; and (ii) does not release the New York City Health and Hospitals Corporation.

It is unrefuted that the Plaintiff signed a general release that was provided by the City to resolve the state law claims against the City of New York. However, the release provides that the release only applies "upon or by reason of any above-stated matter, cause or things." As such, the release was limited to the above-stated matter, which was an action captioned as JOVORNE Edwards v. The City of New York, Lee Stanton P.O. of PSA, Shield #25652, Tax ID #962118, Other City of New York Police Officers Involved in Arrest #B17608646 Whose Names Are Not Known at This Time N/H/A John/Jane Doe I-IV. The release did not release all claims that were unrelated to the state law matter.

Contrary to the assertions made by the Defendants in this case, it is submitted that the subject general release that was signed by the Plaintiff while settling the state court matter was limited in scope to apply onto to the state court action and any and all claims that arose from that incident. The release was not as broad as the Defendants would lead this Court to believe. For this reason, it is submitted that Defendants' motion to dismiss should be denied in its entirety.

**STATEMENT OF FACTS**

By way of background, Plaintiff commenced suit against the City of New York, Lee Stanton P.O. of PSA, Shield #25652, Tax ID #962118, Other City of New York Police Officers Involved in Arrest #B17608646 Whose Names Are Not Known At This Time N/H/A John/Jane Doe I-IV, As It Pertains to the Incident That Arose On February 14, 2017, and No Other Date in the Supreme Court of the State of New York, County of Bronx, with an index number of 21862-2018E.  A copy of the Summons and Complaint of the Supreme Court of the State of New York is annexed as **Exhibit A.**  The state court action involved civil rights violations that were committed by the City of New York against the Plaintiff on February 14, 2017 in the vicinity of 2625 Third Avenue, Apt. 7H. County of Bronx, in the State of New York.  During the course of discovery in the case, the parties agreed to settle the matter for $30,000.00.

It is also understood that JOVORNE Edwards commenced another action that is unrelated to the state law claim in this Court.  The instant action involved claims that arose during his incarceration and thus, it is completely unrelated to the state court matter.

**ARGUMENT**

**I.   THE GENERAL RELEASE WAS LIMITED IN SCOPE**

The Defendants argue that the release executed by the Plaintiff in his state law claim applies in this case to preclude the Plaintiff from asserting his civil rights claims against the Defendants.  We respectfully disagree.

It is well settled that "[s]ettlement agreements and releases are construed according to the general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002); *Albany Sav. Bank FSB v. Halpin*, 117 F.3d 669, 672 (2d Cir. 1997)).

"'Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced.'" *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998). "The proper interpretation of an unambiguous contract is a question of law for the court," which "may properly be resolved by summary judgment." *Adirondack Transit Lines*, *Inc. v. United Transp. Union, Local 1582*, 305 F.3d 82, 85 (2d Cir. 2002) (internal quotation marks and citation omitted).

It is also understood that general releases, as opposed to "releases with a narrower scope," bar all claims arising prior to the execution of the release, not simply those that were alleged in a pre-existing action. *Arzu v. City of New York*, No. 13 Civ. 5980 (RA), 2015 U.S. Dist. LEXIS 101770, 2015 WL 4635602, at *4 (S.D.N.Y. Aug. 3, 2015) (holding that general release barred plaintiff's claims against the City and individual officers regarding events that occurred prior to the date of the release).

In this case, it is submitted that the release executed by JOVORNE Edwards was limited in scope. This is the point that distinguishes the instant case from all cases cited by the Defendants in their motion. The subject release signed by the Plaintiff expressly provides that

> "JOVORNE Edwards, the Plaintiff in the action entitled City of New York, Lee Stanton P.O. of PSA, Shield #25652, Tax ID #962118, Other City of New York Police Officers Involved in Arrest #B17608646 Whose Names Are Not Known At This Time N/H/A John/Jane Doe I-IV, As It Pertains to the Incident That Arose On February 14, 2017, and No Other Date in the Supreme Court of the State of New York, County of Bronx, with an index number of 21862-2018E . . . in consideration of the payment of THIRTY THOUSAND DOLLARS ($30,000.00) . . . does hereby release and forever discharge the City of New York . . . from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which RELEASOR had, now has, or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, **upon or by reason of any above-stated matter, cause or thing whatsoever that occurred through the date of this RELEASE.**"

Here, the release specifically limits the scope of the release for a release of claims that is based "upon or by reason of any above-stated matter." Thus, the only claims that the Plaintiff released were claims that are based upon the state court claims, which was the incident dated February 14, 2017. The instant action clearly did not arise from the facts of the state court claims. Rather, the facts in this case are completely independent from the facts in the state court claims. As such, the Plaintiff did not release any and all claims. Rather, he only released the City of New York from claims arising from the state court matter.

On the other hand, if this Court finds that this provision limiting the release is ambiguous, then the Court must deny the motion since this would be a triable issue of fact. The threshold matter of the existence of ambiguity in the release is itself a question of law. Courts must determine the intent of the language by applying general contract interpretation principals and resorting to extrinsic evidence only when the court concludes as a matter of law that the contract is ambiguous. *Wells v. Shearson Lehman/Am. Express, Inc.*, 72 N.Y.2d 11, 18, 21, 526 N.E.2d 8, 530 N.Y.S.2d 517 (1988).

The Court's objective in a contract action is to give effect to the intention of the parties as gleaned from the language of the contract itself. *Metropolitan Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir. 1990), *citing Hartford Acc. & Indem. Co. v. Wesolowski*, 33 N.Y.2d 169, 171-72, 350 N.Y.S.2d 895, 898, 305 N.E.2d 907, 910 (1973).

As stated by the New York Court of Appeals, "While it has been held that an unreformed general release will be given its full literal effect where it is directly or circumstantially evident that the purpose is to achieve a truly general settlement, the cases are many in which the release has been avoided with respect to uncontemplated transactions despite the generality of the

language in the release form." *Mangini v. McClurg*, 24 N.Y.2d 556, 562, 301 N.Y.S.2d 508, 249 N.E.2d 386 (1969).

As recited in *Mangini*, the New York cases in which a release has been limited and found not to cover unforeseen matters are in fact "many". Cases cited by *Mangini* include *Cahill v. Regan*, 5 N.Y.2d 292, 184 N.Y.S.2d 348, 157 N.E.2d 505 (1959), where the Court held that "[a]lthough the effect of a general release, in the absence of fraud or mutual mistake, cannot be limited or curtailed…its meaning and coverage necessarily depend, as in the case of contracts generally, upon the controversy being settled and upon the purpose for which the release was actually given. Certainly, a release may not be read to cover matters which the parties did not desire or intend to dispose of." *Id*. at 299-300.

In *Cahill*, general releases were exchanged in a replevin action, and one party sought to apply them to a subsequent patent dispute. The Court limited the releases to the matters in dispute at the time the releases were executed and, on this ground, declined to extend the general releases to the later patent action.

The *Mangini* Court also cited *Simon v. Simon*, 274 App. Div. 447, 84 N.Y.S.2d 307 (1st Dept. 1948), in which it was held that "[w]hether a release is to be treated as including all possible claims depends upon the purpose for which the release is given." *Id*. at 449. In *Simon*, the Court held that the parties sought to settle alimony claims and a claim by the plaintiff to a co-partnership interest when the parties executed the release. There was no dispute at the time as to the plaintiff's title to certain property. Although the release was general in form, the Court declined to bar any claims relating to such property. In addition, the *Mangini* Court *cited Haskell v. Miller*, 221 A.D. 48, 222 N.Y.S. 619 (1st Dept. 1927), *aff'd*, 246 N.Y. 618, 159 N.E. 675 (1927), and *Rubinstein v. Rubinstein,* 109 N.Y.S.2d 725, 732 (Sup. Ct. N.Y. Co. 1951), *aff'd*,

279 A.D. 1073, 113 N.Y.S.2d 277, *aff'd*, 305 N.Y. 746, 113 N.E.2d 149 (1953), where the Courts held that the fact that the settlement agreements contained recitals regarding particular claims limited the general words of a release to the claims that were within the parties' contemplation.

In *Lucent Technologies*, *Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1195 (S.D.Cal. 2007), the Court, applying New York law, considered a motion for summary judgment to dismiss an affirmative defense of release. There, a seller of telecommunications equipment sued a purchaser for patent infringement, and the purchaser argued that a release executed during an unrelated dispute over maintenance service overpayments barred the patent infringement claims. The release covered "any and all claims … demands … liabilities … rights of action and causes of action, of any kind or character whatsoever." The Court placed great weight on the context of the release in that case. It found that despite the facially broad language, the remaining portions of the agreement established an unambiguous context, that the parties were concerned only with a dispute over maintenance service overpayments, and that the release could not be construed to cover the patent infringement claims later at issue. *Id*. at 1202.

In *Consol. Edison*, *Inc. v. Northeast Utilities*, 332 F. Supp. 2d 639 (S.D.N.Y 2004), the Court, applying New York law, similarly granted a motion for summary judgment dismissing the defense of release. The question was whether a release given in a prior action relating to different claims released ConEd from liability with respect to shareholder claims under a merger agreement. The Court held that the "scope of a release turns on the controversy being settled and the purpose for which the release was actually given." *Id*. at 647. The Court found it "inconceivable that sophisticated parties informed by counsel would bargain away such a claim

6

without any monetary consideration, and the terms of the release cannot reasonably be read to require such a result." *Id*. at 649.

In *Clinton Street Food Corp*., 254 B.R. 523 (Bankr. S.D.N.Y. 2000), the Court, applying New York law, dealt with a release that was "[c]oncededly…quite broad, and look[ed] like it should embrace the Trustee's claims against [one of the defendants]…." *Id*. at 534. Although the "final WHEREAS clause in the stipulation indicates the intention to enter into a global release of all claims, not just the claims asserted in the pending lawsuit," the Court nevertheless concluded that:

> The general release was given in the context of the settlement of a specific and entirely unrelated action…Nothing in the stipulation or the record of the earlier lawsuit focuses on the specific issue in this litigation…This is not surprising. The pending claims were unknown to the trustee and hence not the subject of a dispute at the time, making it less likely they are covered by the release. In addition, it does not appear that the parties bargained over the auction claims, or that the estate received any additional consideration for releasing such potentially valuable claims.

Id. at 534-35. Thus, the Court denied the defendant's motion to dismiss based on the defense of release.

In this case, the release was intended to cover only the state court claims. Thus, in interpreting the scope of the subject release, the analysis must begin with the context and entirety of the agreement as a whole." As a general matter of contract interpretation, the Settlement Agreement must be read 'as a whole, and every part will be interpreted in reference to the whole.'" *Consol. Edison v. Northeast Utilities*, 332 F. Supp. 2d at 647, *quoting Westmoreland Coal Co. v. Entech, Inc*., 100 N.Y.2d 352, 794 N.E.2d 667, 670, 763 N.Y.S.2d 525 (2003). "New York law considers the context as a key factor in interpreting a release. Where the release presents a specific context, the released claims are interpreted in this light." *Lucent Technologies, Inc*., 470 F. Supp. 2d at 1199.

In this case, the facts demonstrate that the Plaintiff's federal court action was not contemplated at the time the parties settled the state court matter. The Plaintiff only sought to settle his state court claim. The Plaintiff believed that the release only contemplated the release of all claims arising from the incident that was the subject matter of the state court claim and not his federal court claim.

Further, the fact that the Plaintiff continued to litigate the instant matter demonstrates that it was never the Plaintiff's intent to release the City of his federal court claims. Rather, the Plaintiff only intended the release to apply to his state court claims.

## II.  THE PLAINTIFF DID NOT RELEASE NEW YORK CITY HEALTH AND HOSPITALS CORPORATION FROM LIABILITY

As an initial matter, the Courts have long recognized that the City of New York and HHC are separate entities. *Bender v New York City Health & Hosps. Corp.*, 38 N.Y.2d 662, 345 N.E.2d 561, 382 N.Y.S.2d 18 (1976). The State Legislature, in 1969, created a separate entity to operate the municipal health facilities in New York City, namely, the public benefit corporation known as the New York City Health and Hospitals Corporation pursuant to the New York City Health and Hospitals Corporation Act, § 2 (L 1969, ch 1016, § 1).

It is clear that a plaintiff cannot commence action against the City of New York for claims that are attributable to the New York City Health and Hospitals Corporation and vice versa because the City of New York and the New York City Health and Hospitals Corporation are separate entities. Despite this fact, the Defendants argue that since the Plaintiff provided a release against the City of New York, somehow the New York City Health and Hospitals Corporation benefits. We disagree. As discussed above, the release was a limited release and

8

this limited release did not release the New York City Health and Hospitals Corporation. Thus, the New York City Health and Hospitals Corporation is not entitled to relief.

## **CONCLUSION**

For all of the reasons set forth above, the Defendants' motion to dismiss should be denied in its entirety. Plaintiff respectfully requests that this Court will grant the relief requested and provide such further relief that the Court deems just and proper.

Dated: Bayside, New York
December 6, 2019

_____
Samuel DePaola, Esq.
Sim & DePaola, LLP
42-40 Bell Blvd., Suite 201
Bayside, New York 11361
Tel: (718) 281-0400
Email: sdepaola@simdepaola.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOVORNE EDWARDS,<br><br>     Plaintiff,<br><br>     v.<br><br>CITY OF NEW YORK AND NEW YORK CITY HEALTH AND HOSPITALS CORPORATION,<br><br>     Defendants, | Case No.: 1:18-CV-8282 (JGK) |

**CERTIFICATION OF SAMUEL DEPAOLA, ESQ. IN OPPOSITION TO DEFENDANT CITY OF NEW YORK AND NEW YORK CITY HEALTH AND HOSPITALS CORPORATION MOTION PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

  I, Samuel DePaola, pursuant to the provisions of 28 U.S.C. § 1746, certify, under penalty of perjury, as follows:

  1.  I am a partner of Sim & DePaola, LLP, attorneys for the Plaintiff, in connection with the above-referenced matter, and as such I am fully familiar with the facts and circumstances of this action, based on the contents of the file maintained in this office and my personal knowledge of the procedural history of this litigation.

  2.  I submit this certification in opposition to the Defendants' Motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure

  3.  Attached hereto as **Exhibit "A"** is a true and correct copy of Summons and Complaint of the Supreme Court of the State of New York.

1

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Bayside, New York

December 6, 2019

Respectfully submitted,

_____
Samuel DePaola, Esq.
Sim & DePaola, LLP
42-40 Bell Blvd., Suite 201
Bayside, New York 11361
Tel: (718) 281-0400
Email: sdepaola@simdepaola.com
*Attorneys for Plaintiff*