```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
------------------------------------------------

JOVORNE EDWARDS,

                     Plaintiff,

- against -

CITY OF NEW YORK AND NEW YORK CITY
HEALTH AND HOSPITALS CORPORATION,

                     Defendants.

------------------------------------------------

18-cv-8282 (JGK)

<u>MEMORANDUM OPINION
AND ORDER</u>

**JOHN G. KOELTL, District Judge:**

     The plaintiff, Jovorne Edwards, brings this action against the defendants, the City of New York and the New York City Health and Hospitals Corporation (NYCHHC).[1] The plaintiff alleges that the defendants violated his constitutional rights while he was incarcerated on Rikers Island. The defendants moved for judgment on the pleadings arguing that the plaintiff signed a general release of liability that bars him from pursuing his claims. For the reasons stated below, the defendants' motion for judgment on the pleadings is **denied**.

---

[1] The Court previously dismissed the plaintiff's claims against "EMTC/Rikers Island," "NYC Department of Corrections," and "Correctional Health Services" and instructed the Clerk to add New York City Health and Hospitals Corporation as a defendant. Dkt. No. 6.

1

**I.**

The following facts are undisputed unless otherwise noted. On February 13, 2018, the plaintiff filed a civil rights complaint in the New York State Supreme Court, Bronx County, regarding an incident unrelated to the plaintiff's claims in this case. DePaola Cert. Ex. A at 2.[2] In the Bronx County case, the plaintiff alleged that on or about February 14, 2017 he was wrongfully arrested and detained by NYPD officers. Id. at 4-13.

On May 16, 2019, the parties settled the plaintiff's claims stemming from the February 14, 2017 incident. Vilella Alonso Decl. Ex. C at 3. Pursuant to the settlement agreement, the plaintiff received $30,000 in exchange for signing a release of liability. Id. at 2. The release states that:

> **JOVORNE EDWARDS,** the plaintiff in the action entitled **JOVORNE EDWARDS** v. **THE CITY OF NEW YORK, LEE STANTON P.O. OF PSA 7, SHIELD #25652, TAX ID #962118, OTHER CITY OF NEW YORK POLICE OFFICERS INVOLVED IN ARREST #B17608646 WHOSE NAMES ARE NOT KNOWN AT THIS TIME N/H/A JOHN/JANE DOE I-IV, AS IT PERTAINS TO THE INCIDENT THAT AROSE ON FEBRUARY 14, 2017, AND NO OTHER DATE,** Bronx Supreme Court, Bronx County Index No. **21862-2018E,** being over the age of eighteen (18)years and residing at 305 E 153rd Street, Bronx, NY 10451 as "RELEASOR", in consideration of the payment of **THIRTY THOUSAND DOLLARS ($30,000.00),** receipt whereof is hereby acknowledged, does hereby release and forever discharge the City of New York, and all past and present officers, directors, managers, administrators,

---

[2] Because some of the exhibits submitted with the papers do not have page numbers, all citations to page numbers in the exhibits refer to the ECF page number included in the file stamp at the top of each page.

2

>employees, agents, assignees, lessees and representatives of the City of New York, and all other individually named defendants and entities represented and/or indemnified by the City of New York, collectively the "RELEASEES", from any and all state and federal tort claims, causes of action, suits, occurrences, and damages, whatsoever, known or unknown, including but not limited to state and federal civil rights claims, actions, and damages, which RELEASOR had, now has, or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon, or by reason of any above-stated matter, cause, or thing whatsoever that occurred through the date of this RELEASE, except as indicated below, if applicable.

Vilella Alonso Decl. Ex. C at 2. The release included a section entitled "**EXCLUSIONS** – this RELEASE does not apply to the following matters" and a space to list both filed and unfiled matters. Id. In this section, the plaintiff wrote "N/A." Id. The release also states, "**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**" Id. at 3.

On September 11, 2019, the plaintiff filed the complaint in this case. The plaintiff alleges that the defendants violated his constitutional rights by spraying him with a chemical agent on August 30, 2018, while he was incarcerated at Riker's Island. Compl. at 4. The plaintiff's claims allege use of excessive force and deliberate indifference to serious medical needs.[3]

---

[3] The plaintiff filed his complaint as a pro se litigant. Courts should read pro se complaints with "special solicitude" and interpret them to "raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons,

3

The defendants now move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

## II.

The standards to be applied to a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are the same as those applied to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006). "Thus, [a court] will accept all factual allegations in the complaint as true and draw all reasonable inferences in [the plaintiff's] favor. To survive a Rule 12(c) motion, [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). In deciding such a motion, the court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that either are in the plaintiff's possession or were known to the plaintiff when the plaintiff brought suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Morillo v. Grand Hyatt New York, No. 13-CV-7123, 2014 WL 3498663, at *6 (S.D.N.Y. July 10, 2014).

---

470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

III.

"It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." Tromp v. City of New York, 465 F. App'x 50, 51 (2d Cir. 2012) (citation omitted). Under New York law, whether a contract is ambiguous is a question of law to be resolved by the court. See Orlander v. Staples, Inc., 802 F.3d 289, 294 (2d Cir. 2015). "[A]mbiguity is determined by looking within the four corners of the document, without reference to extrinsic evidence." Chapman v. New York State Div. for Youth, 546 F.3d 230, 236 (2d Cir. 2008) (quoting Kass v. Kass, 91 N.Y.2d 554, 566 (N.Y. 1998) (internal quotation marks omitted)). The language of a contract is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself, and concerning which there is no reasonable basis for a difference of opinion." Revson v. Cinque & Cinque, P.C., 221 F.3d 59, 66 (2d Cir. 2000) (internal quotations omitted). Contract language is ambiguous when it is "capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." Id. (quoting Seiden Assocs. v. ANC Holdings, Inc., 959 F.2d 425,

5

428 (2d Cir. 1992)); see also Freishtat v. LivePerson, Inc., No. 07-CV-6838, 2010 WL 1558345, at *4 (S.D.N.Y. Apr. 19, 2010).

The parties disagree about the scope of the May 16, 2019 release. The release establishes that Jovorne Edwards, as the plaintiff in the action pertaining to the February 14, 2017 incident and in return for consideration, released the City of New York and various other entities and individuals from a multitude of claims that the plaintiff had, has, or shall have, "for, upon, or by reason of any above-stated matter, cause, or thing whatsoever that occurred through the date of [the] RELEASE, except as indicated below, if applicable." The defendants have moved for judgment on the pleadings on the grounds that the release is all-inclusive for claims arising before the date of the release and therefore bars this action. The defendants also argue that the last clause of the release "simply reiterates that the plaintiff has released all claims described above," Mem. Reply at 2, and that the plaintiff chose not to exclude any claims from the release's scope. The plaintiff contends that, due to the language "for, upon, or by reason of any above-stated matter, cause, or thing," the release was limited to claims arising from the February 14, 2017 incident and therefore does not bar this action.

6

The Court cannot conclude that the contract is unambiguous on its face.[4] On the one hand, the defendants' reading of the clause is reasonable if "above-stated" applies only to "matter," and not also to "cause" or "thing." When "above-stated" modifies only "matter," the release bars claims arising from the February 14, 2017 incident, as well as claims arising from "cause[s] or thing[s]" that occurred prior to the date of the release. On the other hand, the plaintiff's reading of the clause is reasonable if "above-stated" modifies not only "matter," but also "cause" and "thing." Under this reading, the release would bar only the claims related to the February 14, 2017 incident referenced in the release. Furthermore, under the plaintiff's reading of the release, the plaintiff's failure to list any claims in the exclusion section simply means that the release barred all claims arising from the February 14, 2017 incident.

This release differs meaningfully from other releases that courts in the Second Circuit have upheld as unambiguous and all-

---

[4] Although not raised by the parties, the release in this case, despite being labeled a General Release, contains an additional ambiguity. The release releases "any and all state and federal tort claims . . . including but not limited to state and federal civil rights claims, actions, and damages, which RELEASOR had . . . against the RELEASEES . . . by reason of any above-stated matter, cause, or thing whatsoever that occurred through the date of this RELEASE . . . ." It is unclear if the phrase "including but not limited to" applies solely with respect to the immediately succeeding phrase – state and federal civil rights claims, actions, and damages – or if it is intended to qualify the preceding phrases such that the release covers "any and all state and federal tort claims" and the succeeding language is only illustrative of the scope of the RELEASE but does not limit its scope. The defendants do not suggest that the presence of the language "including but not limited to" avoids any ambiguity in the scope of the release, and rightfully so.

7

encompassing. See Mateo v. Carinha, 799 F. App'x 51 (2d Cir. 2020) (summary order); Arzu v. City of New York, No. 13-CV-5980, 2015 WL 4635602 (S.D.N.Y. Aug. 3, 2015). The language used in those releases is almost identical to that employed here. However, the upheld releases did not include the limiting term "above-stated" and the plaintiffs released claims "for, upon, or by reason of any matter, cause, or thing whatsoever." Mateo, 2020 WL 564160 at *2; Arzu, 2015 WL 4635602 at *2. The term "above-stated" influences the meaning of the release in a way that differentiates it from the releases upheld in Mateo and Arzu. Reading the clause otherwise would render the term superfluous. "Under New York law an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible." Walker v. Thompson, 404 F. Supp. 3d 819, 825 (S.D.N.Y. 2019) (citation omitted); Galli v. Metz, 973 F.2d 145, 149 (2d Cir. 1992) ("[A]n interpretation that gives a reasonable and effective meaning to all terms of a contract is generally preferred to one that leaves a part unreasonable or of no effect.)(internal quotation marks and citation omitted).

A court in this district has found an identical release to be unambiguous, all-inclusive, and preclusive of the plaintiff's claim against the City. See Braxton/Obed-Edom v. City of New York, No. 17-CV-199, 2019 WL 8955261, at *4 (S.D.N.Y. Sept. 17,

2019), report and recommendation adopted, No. 17-CV-199, 2020 WL 1303558 (S.D.N.Y. Mar. 19, 2020). However, the court did not address the "above-stated" language at issue in this case. Moreover, the plaintiff urged the Braxton court to find ambiguity solely based on limiting language in other settlement documents. Id. Courts have held that a clear general release is unambiguous, even when evidence extrinsic to the release includes language limiting the release to a particular matter. See Mateo, 799 F. App'x at 54 (affirming holding that release applied broadly due to lack of limiting language in release itself despite limiting language in separate emails, stipulations, and testimony); Ortiz v. City of New York, 8 N.Y.S.3d 306, 306 (App. Div. 2015) (affirming holding that a release barred claims other than those "relating to the subject incident" when such limiting language was found in the stipulation of settlement but not the general release). In contrast, there is limiting language in the text of this release, which is ambiguous as to which categories of claims are barred. Because the release is susceptible to more than one reasonable interpretation, it is ambiguous.

When analyzing a contract as a matter of law, the Court's role is not to resolve ambiguities in the contractual language. "Where the intent of the parties is too ambiguous to be gleaned from the contract alone, the Court should receive evidence that

9

might better clarify that intent." DKR Capital, Inc. v. AIG Intern. West Broadway Fund, Ltd., 2003 WL 22283836, at *4 (S.D.N.Y. Oct. 2, 2003). Because evidence from outside the four corners of the release is required to ascertain the parties' intent, the defendants' motion for judgment on the pleadings is denied.

The parties also disagree whether the release bars the plaintiff's claims against NYCHHC. The defendants argue that the release applies to NYCHHC, because the releasees include individually named defendants and entities represented and indemnified by the City of New York, and because NYCHHC is an "agency" of New York City for purposes of legal representation and indemnification. The plaintiff contends that he did not release NYCHHC from liability because the City of New York and NYCHHC are separate entities. The release is ambiguous as to its coverage of an entity represented and indemnified by the City of New York because it is unclear if that description refers to an entity being represented and indemnified by the City of New York in the previous lawsuit that was being settled or it referred to entities being represented and indemnified by the City in future lawsuits.

In any event, whether the release bars the plaintiff's claims against NYCHHC also depends on the scope of the release. If the release is, as the plaintiff contends, limited to claims

10

arising out of the February 14, 2017 incident, the claims against NYCHHC would not be barred because the plaintiff has sued the NYCHH for claims arising out of his treatment on Riker's Island on August 30, 2018, not his claims arising out of the February 14, 2017 incident. Accordingly, whether the plaintiff's claims against NYCHHC are potentially barred depends on whether the release is limited to claims relating to the February 14, 2017 incident, a matter that cannot be decided on this motion for judgment on the pleadings.

In their reply brief, the defendants also contend that the complaint fails to allege cognizable claims against NYCHHC. However, it is well established that courts generally "should not 'consider arguments that are raised for the first time in a reply brief.'" Mateo v. Bristow, No. 12-CV-5052, 2013 WL 3863865, at *8 (S.D.N.Y. July 16, 2013) (quoting Clubside, Inc. v. Valentin, 468 F.3d 144, 159 n.5 (2d Cir. 2006) (collecting cases)). The defendants' arguments to dismiss the plaintiff's claims against NYCHHC cannot be decided on this motion.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendants' motion for judgement on the pleadings

11

is **denied**. The Clerk is directed to close Docket No. 38.

**SO ORDERED.**

**Dated:**     **New York, New York**
               **September 11, 2020**

/s/ John G. Koeltl
**John G. Koeltl
United States District Judge**
