

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

JOSHUA KAUFMAN
Phone: (212) 356-3521
Fax: (212) 356-1148
Email: jokaufma@law.nyc.gov
*Assistant Corporation Counsel*

April 5, 2022

**BY ECF**
Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*[Handwritten: Application granted. A new scheduling order should be submitted by 6/10/22. So ordered. /s/ JGKoeltl 4/19/22 U.S.D.J.]*

Re:   Jovorne Edwards v. City of New York *et al.*, 18-CV-8282 (JGK)

Your Honor,

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney for defendants City of New York, New York City Health and Hospitals Corporation ("HHC"), Captain Paris, and Former Officer Kwak (collectively "defendants"). The purpose of this letter is threefold. First, the parties write to apologize to the Court for failing to write in advance the discovery deadline of April 4, 2022 [Docket Entry Number 92. Second, the parties respectfully request that discovery deadlines and all future deadlines as outlined in the scheduling order dated February 25, 2022 [Docket Entry Number 92], be held in abeyance until the settlement conference currently scheduled for May 31, 2022 takes place. Third, insofar as the Court grants the previous request, defendants respectfully request to submit a proposed scheduling order following the settlement conference currently scheduled for May 31, 2022.[1]

      Briefly by way of background, a settlement conference was scheduled for February 24, 2022. *See* Docket Entry Number 85. While defendants appeared for the conference, plaintiff and his counsel did not. *See* Electronic Order Dated February 24, 2022. Thereafter, Magistrate Judge Lehrburger scheduled a conference for March 9, 2022, whereby plaintiff's counsel was ordered to show cause "as to why [plaintiff's counsel] should note be sanctioned for fail[ing] to appear at the February 24, 2022 conference. "*See* Docket Entry Number 89. Thereafter the parties filed a proposed scheduling order, which your Honor endorsed. *See* Docket Entry Number 92.

---

[1] Pursuant to your Honor's Individual Rule 1(E), parties should submit a proposed scheduling order if an extension/adjournment letter impacts previously scheduled deadlines.

Specifically, your Honor ordered, *inter alia*, that Discovery was to be completed by April 4, 2022.

At the conference on March 9, 2022 whereby plaintiff was ordered to show cause as to why plaintiff's counsel should not be sanctioned, plaintiff's counsel stated that plaintiff is currently incarcerated, and would be released from state custody in May 2022. As a result, plaintiff's counsel requested that a settlement conference take place when plaintiff will be able to participate in person. As a result, the Court scheduled a settlement conference for May 31, 2022. Further, at the conference, the undersigned argued about that the video of the underlying incident, specifically, that the video seemed to illustrate events contrary to those as alleged in plaintiff's amended complaint dated May 4, 2021. *See* Docket Entry Number 57. In light of the scheduled settlement conference, the video evidence, and defendants' strong belief in the case, the undersigned indicated to Judge Lehrburger that defendants would respectfully ask for depositions and all further discovery to be held in abeyance until after the settlement conference on May 31, 2022.

Accordingly, the parties respectfully request that discovery deadlines, and all future deadlines as outlined in the scheduling order dated February 25, 2022, be held in abeyance until the settlement conference currently scheduled for May 31, 2022 takes place. Further, insofar as the Court grants the previous request, the parties respectfully request to submit a proposed scheduling order following the settlement conference currently scheduled for May 31, 2022 in accordance with your Honor's Individual Rule 1(E).

Thank you for your consideration herein.

Respectfully Submitted

*Joshua Kaufman*
Joshua Kaufman

**By ECF**
CC:   Sameer Nath, Esq.
   Sim & DePaola L.L.P.
   Attorney for Plaintiff